UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIE HUBERT KNOX, III, Petitioner, v. RAYMOND MADDEN, Warden, Respondent. | Case No. 18-cv-0353-BAS-JMA<br><br>**ORDER:**<br><br>**(1) DENYING *IN FORMA PAUPERIS* APPLICATION**<br><br>**AND**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |
|---|---|

Petitioner, a state prisoner proceeding *pro se* and filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No.1) along with an application to proceed *in forma pauperis* (ECF No. 2.). For the reasons herein, the Court denies the motion to proceed *in forma pauperis* and dismisses the case without prejudice.

**I.  REQUEST TO PROCEED *IN FORMA PAUPERIS***

The request to proceed *in forma pauperis* is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed *in forma pauperis* made by a state prisoner must include a certificate

1

from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. *See* Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Civ. L. R. 3.2. Petitioner has failed to provide the Court with the required prison certificate and therefore this Court is unable to grant his motion to proceed *in forma pauperis*.

## II.     FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS

Federal habeas corpus relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). It is a proper vehicle to raise a claim which, if successful, would entitle a prisoner to an immediate or speedier release from custody. By contrast, a civil rights action under 42 U.S.C. § 1983 is the proper method for challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

A constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution under 28 U.S.C. § 2254. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (determining procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release. *Preiser*, 411 U.S. at 500. Thus, such claims are within the core of habeas corpus jurisdiction. Relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not

necessarily imply the invalidity of continuing confinement. *See Docken v. Chase*, 393 F.3d 1024, 1030 (9th Cir. 2004); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (holding that a §1983 suit is an appropriate remedy for challenges to conditions which do not necessarily imply the invalidity of continuing confinement).

Here, Petitioner argues his due process rights were violated when prison officials restricted his visitation with his minor children. (Pet. at 6.) Because habeas corpus is unavailable to challenge conditions of confinement that do not impact the legality or duration of that confinement, this Court lacks jurisdiction over Petitioner's claim. *See Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) (holding that federal habeas court lacks jurisdiction over a challenge to the non-custodial component of a sentence); *see also Anderson v. Gastelo*, No. CV 16-07165-FMO (DFM), 2016 WL 5869634, at *2 (C.D. Cal. Oct. 4, 2016) (dismissing Petitioner's visitation claim for lack of jurisdiction); *Ortega v. Gonzales*, No. ED CV 10-1387-R (E), 2010 WL 5563886, at *8 (C.D. Cal. Nov. 3, 2010); *Cerniglia v. Mayberg*, No. 1:06–CV–01767 OWW JMD HC, 2010 WL 2464852, at *6 (E.D. Cal. June 14, 2010) (concluding that alleged restrictions on prison visitation not cognizable on federal habeas); *Vice v. Kernan*, No. CIV S-06-0610 DFL KJM P, 2006 WL 3716635, at *1 (E.D. Cal. Dec. 15, 2006); *Rodarte v. Clarke*, No. C95-20766 RMW, 1996 WL 107274, at *1 (N.D. Cal. Mar. 5, 1996) (finding a claim that prison authorities refused to allow petitioner visitation with his grandchildren not cognizable on federal habeas).

## III. CONCLUSION & ORDER

Accordingly, for the reasons discussed above, the Court **DENIES** the request to proceed *in forma pauperis*, and **DISMISSES** the case without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED: March 5, 2018**

Hon. Cynthia Bashant
United States District Judge